UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CONNETHIA SESLER,

     Plaintiff,

v.                       Case No.:  8:20-cv-2835-DNF

COMMISSIONER OF SOCIAL
SECURITY,

     Defendant.

_____

## **OPINION AND ORDER**

Plaintiff Connethia Sesler seeks judicial review of the final decision of the Commissioner of the Social Security Administration ("SSA") denying her claim for a period of disability and disability insurance benefits and for supplemental security income benefits. The Commissioner filed the Transcript of the proceedings (hereinafter referred to as "Tr." followed by the appropriate page number), and the parties filed a joint legal memorandum setting forth their respective positions. For the reasons set out herein, the decision of the Commissioner is **AFFIRMED** pursuant to § 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

## I.   Social Security Act Eligibility, Standard of Review, Procedural History, and the ALJ's Decision

### A.   Social Security Eligibility

The law defines disability as the inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death, or which has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. §§ 416(i), 423(d)(1)(A), 1382c(a)(3)(A); 20 C.F.R. §§ 404.1505(a), 416.905(a). The impairment must be severe, making the claimant unable to do her previous work, or any other substantial gainful activity which exists in the national economy. 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(A); 20 C.F.R. §§ 404.1505–404.1511, 416.905–416.911.

### B.   Standard of Review

The Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. § 405(g). "Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion. Even if the evidence preponderated against the Commissioner's findings, we must affirm if the decision reached is supported by substantial evidence." *Crawford v. Comm'r*, 363 F.3d 1155, 1158 (11th Cir. 2004). In conducting this review, this Court may not reweigh the evidence or substitute its judgment for that of the ALJ, but must consider the evidence as a whole, taking into account evidence favorable as well as unfavorable to the decision. *Winschel v.*

*Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178 (11th Cir. 2011) (citation omitted); *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995); *Martin v. Sullivan*, 894 F.2d 1520, 1529 (11th Cir. 1990). Unlike findings of fact, the Commissioner's conclusions of law are not presumed valid and are reviewed under a de novo standard. *Keeton v. Dep't of Health & Human Servs.*, 21 F.3d 1064, 1066 (11th Cir. 1994); *Maldonado v. Comm'r of Soc. Sec.*, No. 20-14331, 2021 WL 2838362, at *2 (11th Cir. July 8, 2021); *Martin*, 894 F.2d at 1529. "The [Commissioner's] failure to apply the correct law or to provide the reviewing court with sufficient reasoning for determining that the proper legal analysis has been conducted mandates reversal." *Keeton*, 21 F.3d at 1066.

The ALJ must follow five steps in evaluating a claim of disability. 20 C.F.R. §§ 404.1520, 416.920. At the first step, the ALJ must determine whether the claimant is currently engaged in substantial gainful employment. 20 C.F.R. § 404.1520(a)(4)(i), (b); 20 C.F.R. § 416.920(a)(4)(i), (b). At step two, the ALJ must determine whether the impairment or combination of impairments from which the claimant allegedly suffers is "severe." 20 C.F.R. § 404.1520(a)(4)(ii), (c); 20 C.F.R. § 416.920(a)(4)(ii), (c). At step three, the ALJ must decide whether the claimant's severe impairments meet or medically equal a listed impairment. 20 C.F.R. § 404.1520(a)(4)(iii), (d); 20 C.F.R. § 416.920(a)(4)(iii), (d). If the ALJ finds the claimant's severe impairments do not meet or medically equal a listed impairment,

then the ALJ must determine whether the claimant has the residual functional capacity ("RFC") to perform her past relevant work. 20 C.F.R. § 404.1520(a)(4)(iv), (e)–(f); 20 C.F.R. § 416.920(a)(4)(iv), (e)–(f).

If the claimant cannot perform her past relevant work, the ALJ must determine at step five whether the claimant's RFC permits her to perform other work that exists in the national economy. 20 C.F.R. § 404.1520(a)(4)(v), (g); 20 C.F.R. § 416.920(a)(4)(v), (g). At the fifth step, there are two ways in which the ALJ may establish whether the claimant is capable of performing other work available in the national economy. The first is by applying the Medical Vocational Guidelines, and the second is by the use of a vocational expert. *Phillips v. Barnhart*, 357 F.3d 1232, 1239-40 (11th Cir. 2004); *Atha v. Comm'r, Soc. Sec. Admin.*, 616 F. App'x 931, 933 (11th Cir. 2015).

The claimant bears the burden of proof through step four. *Atha*, 616 F. App'x at 933. If the claimant meets this burden, then the burden temporarily shifts to the Commissioner to establish the fifth step. *Id.*; 20 C.F.R. § 404.1520(a)(4)(v), (g); 20 C.F.R. § 416.920(a)(4)(v), (g). If the Commissioner presents evidence of other work that exists in significant numbers in the national economy that the claimant is able to perform, only then does the burden shift back to the claimant to prove she is unable to perform these jobs. *Atha*, 616 F. App'x at 993.

### C.    Procedural History

Plaintiff filed an application for a period of disability and disability insurance benefits and for supplemental security income benefits on October 11, 2017, alleging disability beginning April 1, 2016. (Tr. 90, 91, 236-45). The applications were denied initially on March 1, 2018, and upon reconsideration on April 30, 2018. (Tr. 90, 91, 126, 127). Plaintiff requested a hearing, and on July 18, 2019, a hearing was held before Administrative Law Judge Carl C. McGhee. (Tr. 36-46). On January 29, 2020, the ALJ entered a decision finding Plaintiff not under a disability from April 1, 2016, through the date of the decision. (Tr. 15-29).

Plaintiff requested review of the decision, but the Appeals Council denied Plaintiff's request on October 9, 2020. (Tr. 1-6). Plaintiff initiated the instant action by Complaint (Doc. 1) filed on December 2, 2020, and the case is ripe for review. The parties consented to proceed before a United States Magistrate Judge for all proceedings. (Doc. 18).

### D.    Summary of ALJ's Decision

In this matter, the ALJ found Plaintiff met the insured status requirements of the Social Security Act through June 30, 2019. (Tr. 18). At step one of the sequential evaluation, the ALJ found that Plaintiff had not engaged in substantial gainful activity since April 1, 2016. (Tr. 18). At step two, the ALJ found that Plaintiff had the following severe impairments: "ischemic heart disease, obesity, unspecified

bipolar disorder, major depressive disorder, post-traumatic stress disorder (PTSD), alcohol abuse, and schizoaffective disorder." (Tr. 18). At step three, the ALJ found that Plaintiff did not have an impairment or combination of impairments that meets or medically equals the severity of any of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (20 C.F.R. §§ 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925, and 416.926). (Tr. 18).

Before proceeding to step four, the ALJ found that Plaintiff had the following RFC:

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity (RFC) to perform light work as defined in 20 [C.F.R. §§] 404.1567(b) and 416.967(b) except: The individual can lift and/or carry 20 pounds occasionally, 10 pounds frequently; sit for 6 hours in an 8-hour day; stand for 5 hours in an 8-hour day; and walk for 4 hours in an 8-hour day. The individual can frequently reach above shoulder level with both arms, reach waist to chest with both arms, handle with both hands, finger with both hands, feel with both hands, and push and/or pull with the upper extremities. The individual can occasionally climb stairs and ramps, balance, stoop, kneel, crouch, and crawl. The individual cannot climb ladders or scaffolds or work around high, exposed places. The individual can occasionally work around moving, mechanical parts. The individual can frequently work around humidity and wetness, pulmonary irritants, extreme cold, extreme heat, and vibrations. The individual is able to understand, remember, and carry out simple instructions, and is able to perform simple, routine, repetitive tasks. The individual is limited to work that requires occasional changes in the work setting. The individual is unable to meet fast paced, high production demands. The individual is limited to work that requires occasional interaction with the public, coworkers, and supervisors.

(Tr. 21).

The ALJ found Plaintiff was unable to perform any past relevant work as a fast-food crew cook and a cook helper/prep cook. (Tr. 27). At step five, the ALJ relied on the vocational expert's interrogatory responses to find that considering Plaintiff's age (27 on the alleged onset date), education (limited), work experience, and RFC, there are jobs that existed in significant numbers in the national economy that Plaintiff could perform. (Tr. 28-29). Specifically, the ALJ found that Plaintiff could perform such occupations as:

(1)   packer, DOT[1] 559.687-074, light, unskilled, SVP 2

(2)   mailroom clerk, DOT 209.687-026, light, unskilled SVP 2

(3)   sorter, DOT 727.687-062, light unskilled, SVP 2

(Tr. 28-29). The ALJ concluded that Plaintiff had not been under a disability from April 1, 2016, through the date of the decision. (Tr. 29).

## II.   Analysis

On appeal, Plaintiff raises the following three issues: (1) whether the ALJ complied with Social Security Ruling 00-4p with respect to the job of mail clerk; (2) whether the ALJ sufficiently evaluated the medical opinion evidence under the Commissioner's revised regulations and whether substantial evidence supports the ALJ's finding; and (3) whether the ALJ's hypothetical question posed to the

---

[1] DOT refers to the *Dictionary of Occupational Titles*.

vocational expert encompassed all Plaintiff's supported limitations. (Doc. 20, p. 10, 20, 27). The Court addresses each issue in turn.

### A. Whether the ALJ complied with SSR 004-p with respect to the job of mail clerk

Plaintiff argues the ALJ did not properly comply with Social Security Ruling 00-4p, by not finding that an apparent conflict exists between the vocational expert's interrogatory answers and the DOT and by failing to reconcile any differences. (Doc. 20, p. 10). Specifically, Plaintiff claims the job of mail clerk has a reasoning level of 3, which conflicts with the RFC limitation of performing simple, routine, and repetitive tasks. (Doc. 20, p. 11-12). The Commissioner argues the Court need not reach this issue because the other two jobs listed have a reasoning level of 2, which does not conflict with a limitation to simple, routine, and repetitive tasks. (Doc. 20, p. 13).

For any conflict at step five between limitations in an RFC and job requirements as listed in the DOT, "the ALJ has an affirmative obligation to identify any 'apparent' conflict and to resolve it. The failure to properly discharge this duty means the ALJ's decision is not supported by substantial evidence." *Washington v. Comm'r of Soc. Sec.*, 906 F.3d 1353, 1362 (11th Cir. 2018) (quoting SSR 00-4p, 2000 WL 1898704)). An ALJ must ask the vocational expert to identify and explain any conflict between his or her testimony and the DOT. *Id.* at 1363. Moreover, "the

ALJ is expected to take notice of apparent conflicts, even when they are not identified by a party, and resolve them." *Id.* at 1363.

Here the ALJ posed a hypothetical in Interrogatory No. 7 to the vocational expert that included the limitation that "[t]he individual is able to understand, remember, and carry out simple instructions; and they are able to perform simple, routine, repetitive tasks." (Tr. 319). Based on this hypothetical, the vocational expert determined that a person with these limitations was capable of performing the job of mailroom clerk. (Tr. 320). The vocational expert also found no conflict between the occupational evidence presented and the DOT or the Selected Characteristics of Occupations ("SCO"). (Tr. 321). The ALJ also determined that the vocational expert's interrogatory responses were consistent with the information contained in the DOT. (Tr. 29).

The DOT provides that the position of Mail Clerk, DOT 209.687-026, requires a reasoning level of 3, which means being able to "[a]pply commonsense and understanding to carry out instructions furnished in written, oral, or diagrammatic form. Deal with problems involving several concrete variables in or from standardized situations." DOT 209.687-026, 1991 WL 671813. The Eleventh Circuit recently addressed whether a limitation to simple tasks is an apparent conflict with a reasoning level 3 job requirement. *Viverette v. Comm'r of Soc. Sec.*, 13 F.4th

1309, 1316 (11th Cir. 2021). The Court found it was a conflict. After considering a

split in Circuits on this issue, the Eleventh Circuit held:

> there is an apparent conflict between an RFC limitation to
> simple, routine, and repetitive tasks and level 3 reasoning, and
> in doing so join the decisions of the Fourth, Ninth, and Tenth
> Circuits. This does not mean that there is an actual conflict or
> that an ALJ is categorically prohibited from including a job
> with level 3 reasoning in the step five analysis for a claimant
> with such a limitation. It does mean that the ALJ is required to
> address the apparent conflict and provide a reasonable
> explanation for her determination. *See Washington*, 906 F.3d
> at 1366 ("This doesn't mean that the VE [or ALJ were] wrong,
> but it does mean that there was a conflict, it was apparent, and
> it was important.").

*Id.* at 1317.

Here, in the RFC, the ALJ limited Plaintiff to performing simple, routine, and

repetitive tasks and this limitation conflicts with the requirement of level 3 reasoning

for the mail clerk position. The ALJ failed to recognize this apparent conflict and

further failed to provide a reasonable explanation for the determination that Plaintiff

is capable of performing the job of mail clerk. Thus, the ALJ erred in listing this

occupation.

Even though the ALJ failed to address this apparent conflict, the inquiry does

not end there. Although the mail clerk position is eliminated, the ALJ did list two

other occupations – packer and sorter – that require a level 2 reasoning level. Plaintiff

has not argued that these positions conflict with her RFC limitations and the

Eleventh Circuit has found they do not. *See Valdez v. Comm'r of Soc. Sec.*, 808 F.

App'x 1005, 1009 (11th Cir. 2020) (finding that the plaintiff did not argue that the jobs with a level 2 reasoning level conflicted with simple, routine, and repetitive work, and the Court finds they do not.); *see also Buckwalter v. Acting Comm'r of Soc. Sec.*, 5 F.4th 1315, 1323 (11th Cir. 2021) ("The ALJ did not err. There is not an apparent conflict here between Buckwalter's RFC, which limits her to the ability to 'understand, carry-out, and remember simple instructions,' and the identified positions with a reasoning level of two. While it is a close question, the two terms can be readily reconciled, so we follow the Fourth and Eighth Circuits and hold that there is no apparent conflict.").

Thus, any error in the ALJ's conclusion that Plaintiff was capable of performing the job of mail clerk is harmless because the ALJ identified other jobs – packer and sorter – that Plaintiff is qualified to do considering her age, education, work experience and RFC. *See Valdez*, 808 F. App'x at 1009. Relying on the vocational expert's testimony, the ALJ found the jobs of packer and sorter exist in significant numbers in the national economy with the job of packer having 100,000 jobs available and the job of sorter having 104,100 jobs available in the national economy. (Tr. 28-29). Even though the ALJ may have erred in listing the job of mail clerk, the error was harmless because the ALJ found other jobs exist in significant numbers in the national economy that Plaintiff could perform.

**B.     Whether the ALJ sufficiently evaluated the medical opinion evidence**

Plaintiff argues that the ALJ erred in his consideration of Nydia Conrad, Psy.D.'s opinion when he omitted that Plaintiff would have moderate limitations in her ability to make judgments on simple work-related decisions. (Doc. 20, p. 21).[2] The Commissioner argues the ALJ discussed Dr. Conrad's opinion, found her 2019 opinion persuasive and consistent with the evidence of record, and included appropriate limitations in the RFC. (Doc. 20, p. 24). The Commissioner also argues that an ALJ is not "required to analyze each opined limitation or adopt any particular limitation into the RFC. (Doc 20, p. 25-26).

The regulations for disability cases filed after March 27, 2017 – such as this one – changed and an ALJ no longer defers or give any specific evidentiary weight to a medical opinion. 20 C.F.R. § 404.1520c(a), 20 C.F.R. § 416.920c(a). Thus, an ALJ no longer uses the term "treating source" and does not defer or give specific evidentiary weight, including controlling weight, to any medical opinion or prior administrative medical finding. *Torres v. Comm'r of Soc. Sec.*, No. 6:19-cv-1662-ORL-PDB, 2020 WL 5810273, at *2 (M.D. Fla. Sept. 30, 2020) (citing 20 C.F.R. § 404.1520c(a)).

---

[2] For legal authority in support on this argument, Plaintiff cites SSR 16-3p and related legal authority. SSR 16-3p concerns the evaluations of subjective symptoms and not the persuasiveness of a medical source's opinion.

Instead, an ALJ assesses the persuasiveness of a medical source's opinions given the following five factors, with the first two being the most important: (1) supportability; (2) consistency; (3) relationship with the claimant, including the length, frequency, and purpose of the examining and any treatment relationship; (4) specialization; and (5) other factors, such as the source's familiarity with other evidence concerning the claim, that tend to support or contradict the medical opinion. 20 C.F.R. § 404.1520c(a)-(c); 20 C.F.R. § 404.920c(a)-(c). An ALJ may but is not required to explain how he considers factors other than supportability and consistency, unless two or more opinions are equally persuasive on the same issue. 20 C.F.R. § 404.1520c(b)(2); 20 C.F.R. 416.920c(b)(2).

For supportability, the revised rules provide: "The more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s) or prior administrative medical finding(s), the more persuasive the medical opinions or prior administrative medical finding(s) will be." *Id.* For consistency, the revised rules provide: "The more consistent a medical opinion(s) or prior administrative medical finding(s) is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive the medical opinion(s) or prior administrative medical finding(s) will be." *Id.*

The new regulations also differentiate between medical opinions and "other medical evidence." 20 C.F.R. § 404.1513(a)(2)-(3). "A medical opinion is a

statement from a medical source about what you can still do despite your impairment(s) and whether you have one or more impairment-related limitations or restrictions" in the abilities listed in paragraphs (a)(2)(i) through (iv). 20 C.F.R. § 404.1513(a)(2). "Other medical evidence is evidence from a medical source that is not objective medical evidence or a medical opinion, including judgments about the nature and severity of your impairments, your medical history, clinical findings, diagnosis, treatment prescribed with response, or prognosis." 20 C.F.R. 404.1513(a)(3).

Here, the ALJ discussed and cited Dr. Conrad's opinion at step three to determine that Plaintiff had moderate limitations in the "paragraph B" criteria, such as in the areas of: understanding, remembering, or applying information; interacting with others; concentrating, persisting, or maintaining of pace; and adapting or managing oneself. (Tr. 18-21). The ALJ cited and quoted Dr. Conrad's August 2019 psychological consultative evaluation extensively. (Tr. 25-26). He included Dr. Conrad's findings regarding history of depression and abuse, her psychological treatment, her substance use, her medications, and her subjective complaints . (Tr. 25). The ALJ also cited Dr. Conrad's opinion and mentioned that Dr. Conrad found Plaintiff had moderate limitations in her ability to make judgment on complex work-related decisions. (Tr. 25-26). The ALJ then concluded:

> Thus, in consideration of the above assessment offered by Dr.
> Conrad, the undersigned finds her opinion to be persuasive to

> the extent that it supports the present analysis pertaining to the
> "B" criteria of the mental listings. Overall, Dr. Conrad's
> opinion clearly supports the claimant retaining the ability to
> perform simple tasks involving only occasional changes in the
> work setting, and work that requires only occasional
> interaction with others.

(Tr. 26). The ALJ complied with the new regulations and articulated reasons, supported by substantial evidence in deciding the persuasiveness of Dr. Conrad's opinion.

Plaintiff argues that in the RFC, the ALJ should have included Dr. Conrad's finding that Plaintiff had a moderate limitation in her ability to make judgments on work-related decisions. (Doc. 20, p. 20-21). The new regulations do not defer or give specific evidentiary weight, including controlling weight, to any medical opinion. *Torres v. Comm'r of Soc. Sec.*, No. 6:19-cv-1662-ORL-PDB, 2020 WL 5810273, at *2 (M.D. Fla. Sept. 30, 2020). "Thus, an ALJ need not adopt every part of an opinion that the ALJ finds persuasive." *Rivera Misla v. Comm'r of Soc. Sec.*, No. 6:20-cv-1076-DCI, 2021 WL 2417084, at *2 (M.D. Fla. June 14, 2021). As long as the ALJ properly evaluated the medical opinion – as he has done here – the only issue is whether substantial evidence support's the RFC assessment. And when considering the record as a whole, substantial evidence supports the ALJ's decision.

**C.** **Whether the ALJ's hypothetical question posed to the vocational expert encompassed all of Plaintiff's supported limitations**

Plaintiff argues that the ALJ erred in the hypothetical posed to the vocational expert because it did not clarify how many hours in an 8-hour workday Plaintiff could be on her feet. (Doc. 20, p. 29). Plaintiff claims that the ALJ should have explained whether being able to stand for 5 hours in an 8-hour day and walk for 4 hours in an 8-hour day means that Plaintiff could be on her feet for a total of five hours (four of which may be walking) or whether Plaintiff could be on her feet for the entire 8 hours. (Doc. 20, p. 28-29).

At step five of the sequential evaluation, the ALJ must determine whether jobs exist in significant numbers in the national economy that a plaintiff can perform. *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1180 (11th Cir. 2011). To make this determination, an ALJ may obtain the testimony of a vocational expert. *Id*. For the vocational expert's opinion to constitute substantial evidence, "the ALJ must pose a hypothetical question which comprises all of the claimant's impairments." *Id.* (citing *Wilson v. Barnhart*, 284 F.3d 1219, 1227 (11th Cir. 2002)). "If the ALJ presents the vocational expert with incomplete hypothetical questions, the vocational expert's testimony will not constitute substantial evidence." *Jacobs v. Comm'r of Soc. Sec.*, 520 F. App'x 948, 950 (11th Cir. 2013). But an ALJ is not required to include findings in the hypothetical that the ALJ found to be unsupported by the

record. *Lee v. Comm'r of Soc. Sec.*, 448 F. App'x 952, 953 (11th Cir. 2011) (citing *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1161 (11th Cir. 2004)).

Here, Plaintiff concedes that the ALJ relied on consultative examiner Charles Lebowitz, M.D.'s disability examination for the sitting, standing, and walking limitations found in the RFC. (Tr. 1530-1541). Dr. Lebowitz determined that Plaintiff could sit for 6 hours, stand for 5 hours, and walk for 4 hours in an 8-hour workday. (Tr. 1537). The ALJ adopted Dr. Lebowitz's opinion in the RFC and in the hypothetical to the vocational expert. (Tr. 21, 319). Plaintiff claims that the ALJ may have intended to limit her to being on her feet for a total of 5 hours in an 8-hour workday.

The Commissioner argues that there is nothing ambiguous about the word "stand" or "walk" and both clearly reference being on one's feet. Further, the Commissioner argues that whether Plaintiff is standing for 5 hours or walking for 4 hours or a combination of both, it is clear that the ALJ found her capable of walking or standing to a significant degree, which falls within the definition of "light work." 20 C.F.R. § 404.1567(b) ("Even though the weight lifted may be very little, a job is in this [light] category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls."); 20 C.F.R. § 414.967(b) (same).

The hypothetical posed to the vocational expert contained all of Plaintiff's limitations supported by the record, including the walking and standing limitations found in Dr. Lebowitz's evaluation. The RFC and the hypothetical are clear as to the limitations for standing and walking and the packer and sorter jobs fall within the light level of exertion that requires a good deal of walking and standings. The ALJ did not err in the RFC and in the hypothetical posed to the vocational expert because he provided a thorough description of all of Plaintiff's impairments and limitations and his decision is based on substantial evidence.

## III.   Conclusion

For the reasons discussed above, the Court finds that the decision of the Commissioner is supported by substantial evidence and the Commissioner applied the correct legal standard. The decision of the Commissioner is **AFFIRMED**. The Clerk of Court is directed to enter judgment consistent with this opinion, terminate all deadlines, and close the case.

**DONE** and **ORDERED** in Fort Myers, Florida on December 13, 2021.

DOUGLAS N. FRAZIER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties